UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHEN AUSTIN DEGUIRE, et al.,

           Appellants,

    v.

MARICOPA ORCHARDS, LLC,

           Appellee.

No.  2:16-cv-00225-MCE

**MEMORANDUM AND ORDER**

The Bankruptcy Court below dismissed Appellants Stephen and Sandra DeGuire's ("Appellants") bankruptcy petition after determining that they were not eligible for Chapter 13 relief.  Appellants timely noticed their appeal of that order and filed their Motion for Stay Pending Appeal in this Court.  ECF No. 7.  Because Appellants have not met their burden of justifying the imposition of a stay, the Motion is DENIED.

**BACKGROUND**

Appellant Stephen DeGuire ("Stephen") and his son, Corey Clinton DeGuire, are the sole principals of DeGuire Marketing, LLC ("DeGuire Marketing").  Appellee Maricopa Orchards, LLC ("Appellee") retained DeGuire Marketing to sell the almonds it had grown on its behalf.  Under the terms of their agreement, DeGuire Marketing was to remit the

1   proceeds of the almond sales, while keeping a small commission for itself.  After

2   Appellee delivered its 2013 almond crop, DeGuire Marketing apparently sold the crop

3   and converted a portion of the proceeds to their own use.  Accordingly, Appellee

4   commenced litigation against DeGuire Marketing, Stephen, and Corey in state court.

5        Stephen commenced his Chapter 13 case in the Bankruptcy Court in September

6   2015 and moved for orders confirming a Chapter 13 plan.  Appellee opposed that

7   motion, filed a motion to dismiss, and also initiated an adversary proceeding against

8   Stephen seeking a determination that he was indebted to Appellee and that such debt

9   was non-dischargeable.  The Bankruptcy Court ruled in favor of Appellee as to both

10  motions.  After initiating his appeal in this Court, Appellants applied for a stay pending

11  appeal in the Bankruptcy Court.  The Bankruptcy Court denied that application.

12

13                                   **DISCUSSION**

14

15       A federal district court has broad discretion in deciding whether to issue a stay.

16  Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  In

17  exercising such discretion, courts in the Ninth Circuit adhere to a sliding-scale balancing

18  of four traditional factors.  In re Vandenberg, 09-BK-23387, 2012 WL 1854298, at *2

19  (Bankr. D. Ariz. May 21, 2012).  The traditional factors are:  (1) whether the applicant

20  has made a strong showing that he is likely to succeed on the merits; (2) whether the

21  applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will

22  injure other parties interested in the proceeding; and (4) the public interest.  Id.  The first

23  two factors are the most critical, but a failure on any one factor requires the Court to

24  deny the application for a stay.  In re Rivera, 5:15-cv-04402, 2015 WL 6847973 at *2

25  (N.D. Cal. Nov. 9, 2015).

26       Here, Appellants' failure to make a showing of either a likelihood of success on

27  the merits or irreparable harm dooms the instant Motion.  Appellants argue that they will

28  suffer irreparable harm if the dismissal order is not stayed because they will be forced to

1    spend money defending themselves against Appellee's state court action.  That

2    argument borders on the frivolous.  As Judge Jaime explained in adjudicating

3    Appellants' Motion for a Stay in the Bankruptcy Court, nearly all courts hold that litigation

4    expenses do not constitute irreparable harm.  ECF No. 11-1 at 118 (citing Mohamad v.

5    Uber Techs., Inc., 115 F. Supp. 3d 1024, 1032-33 (N.D. Cal. 2015).[1]

6          Furthermore, the likelihood that Appellants will prevail on the merits of their

7    appeal is, in this Court's opinion, slim.  Appellants' primary contention is that the

8    Bankruptcy Court erred in applying California's trust-fund doctrine in finding Stephen

9    personally liable for the debts of DeGuire Marketing to Appellee.  The trust-fund doctrine

10   "imposes a fiduciary obligation on corporate officers and directors in favor of the

11   corporation's creditors when the corporation is insolvent."  In re Tsai, No. 2:13-BK-

12   27391, 2014 WL 1154032 at *6 (Bankr. C.D. Cal. Mar. 19, 2014).  Insolvency can be

13   established at the moment a corporation's liabilities exceed its assets.  Id.  Appellants

14   argue that the Bankruptcy Court found that it was insolvent on September 23, 2015, but

15   made no finding that it had breached a fiduciary duty imposed by the trust-fund doctrine.

16   But the duties created by the trust-fund doctrine require a debtor to affirmatively avoid

17   dissipating, diverting, or diluting corporate assets.  In re Houng, No. 13-56656, 2016 WL

18   145841 at *2 (9th Cir. Jan. 11, 2016).  Given that Stephen had a duty of avoidance, it

19   was proper for the Bankruptcy Court to find that he was personally liable for DeGuire

20   Marketing's debt to Appellee even in the absence of affirmative wrongdoing between the

21   date of insolvency and the filing of his Chapter 13 petition.  Appellants' Motion is

22   therefore denied.

23   ///

24   ///

25   ///

26   ///

27   _____

28        [1] The parties' Requests for Judicial Notice (ECF Nos. 8, 11-1 and 14) are unopposed and GRANTED on that basis.

**CONCLUSION**


     For the reasons set forth above, Appellants' Motion for a Stay Pending Appeal (ECF No. 7) is hereby DENIED.

     IT IS SO ORDERED.

Dated:  March 29, 2016


_____

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

4